**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1792
_____

UNITED STATES OF AMERICA

v.

HAKIM THOMAS,
a/k/a Dollar

Hakim Thomas,

Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 2-16-cr-00456-001)
District Judge: Honorable William H. Walls
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 14, 2017

Before: CHAGARES, VANASKIE, and FUENTES, *Circuit Judges*

(Filed: February 13, 2018)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

VANASKIE, *Circuit Judge*.

Appellant Hakim Thomas pleaded guilty to a single count of distributing a mixture and substance containing a detectible amount of cocaine base, in violation of 21 U.S.C. § 841. The District Court classified him as a career offender and sentenced him to a below-Guidelines term of 108 months' imprisonment. Thomas now contends that the District Court committed procedural error insofar as it viewed the Sentencing Guidelines as mandatory and failed to adequately explain its rationale in imposing the 108-month sentence. According to Thomas, these errors consequently resulted in the imposition of a substantively unreasonable sentence. For the reasons that follow, we will affirm the judgment of sentence.

I.

Thomas sold six bags of crack cocaine to an undercover police officer in November 2013. Thomas eventually pleaded guilty to a one-count information charging him with distribution of 2.8 grams or less of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). Pursuant to his plea agreement, Thomas stipulated that he previously had been convicted of two New Jersey state law felonies—a second-degree robbery conviction in 2000 and a conviction for possession with intent to distribute a controlled substance in 2013. However, Thomas reserved the right to argue at sentencing that these two convictions did

not qualify as predicate offenses so as to render him a "career offender" under U.S.S.G. § 4B1.1(a).[1]

In anticipation of sentencing, the United States Probation Office prepared a Presentence Report ("PSR"). Pertinent to this appeal, the PSR concluded that Thomas indeed qualified as a career offender due to his New Jersey felony convictions, a designation that increased Thomas's criminal history category from III to VI and increased his base offense level from 12 to 32. Taken together with a downward adjustment for acceptance of responsibility, which resulted in a total offense level of 29, Thomas's criminal history score yielded an advisory Guidelines range of 151 to 188 months' imprisonment.

Both Thomas and the Government submitted sentencing memoranda to the District Court prior to the sentencing hearing. Thomas objected to the PSR's imposition of the career offender enhancement, arguing that such a designation overstated his true criminal history and likelihood of recidivism because he was only eighteen years old at the time of his robbery conviction and did not serve any prison time in connection with his past drug conviction. Alternatively, Thomas maintained that, even if he did qualify as

---

[1] Section 4B1.1(a) of the Sentencing Guidelines provides:
> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).

3

a career offender, he was nevertheless entitled to a lesser sentence because the PSR's Guidelines calculation called for a sentence that was greater than necessary in light of the underlying conduct to which Thomas pled guilty. Either way, Thomas maintained that he should receive a sentence of ten to sixteen months' imprisonment—the Guidelines range he would have faced but for the career offender designation. Such a term, he argued, was reasonable in light of what he could have expected to receive in state court for a similar offense. The Government, for its part, opposed Thomas's request and asked the District Court to impose a sentence within the Guidelines range.

The District Court convened a sentencing hearing on March 29, 2017. Through counsel, Thomas again urged the Court to refrain from applying the career offender enhancement. Thomas himself was then given a chance to allocute, during which time he described his troublesome upbringing and the circumstances that preceded his criminal activity. The District Court also heard from the Government, which argued for a within-Guidelines sentence "to reflect[] [Thomas's] history of recidivism." (App. 68.) After taking both parties' requests into account, the District Court adopted the PSR's recommendations in full, including the PSR's determination that Thomas qualified as a career offender. The District Court then "depart[ed]" downward from Thomas's original offense level of 29 to an offense level of 24, and imposed a below-Guidelines sentence of 108 months' imprisonment followed by a three-year term of supervised release. (*Id*. at 77–78.) This appeal timely followed.

4

II.

The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

We review the procedural and substantive reasonableness of the District Court's sentence for abuse of discretion. *United States v. Maurer*, 639 F.3d 72, 77 (3d Cir. 2011) (citing *United States v. Merced*, 603 F.3d 203, 214 (3d Cir. 2010)). Thomas, as the party challenging the sentence, bears the burden of demonstrating unreasonableness. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc) (citing *United States v. Cooper*, 437 F.3d 324, 332 (3d Cir. 2006), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338, 346–47 (2007)).

III.

Thomas raises three arguments on appeal. Specifically, Thomas maintains that the District Court committed two procedural errors at sentencing, namely by: (1) treating U.S.S.G. § 4B1.1(a) as mandatory and (2) failing to place on the record its rationale for imposing the 108-month sentence. Thomas's third argument is that the District Court, by virtue of its procedural errors, imposed a substantively unreasonable sentence.

A.

We turn first to Thomas's contention that the District Court erred by treating U.S.S.G. § 4B1.1(a) as mandatory. To this end, Thomas maintains that the District Court "seemed to ignore that the [G]uidelines are advisory, not mandatory," and accordingly

5

felt "obligated" to find that Thomas was a career offender on account of his two prior felony offenses. Appellant's Br. 12. The record belies Thomas's assertion.

"A district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *United States v. Wise*, 515 F.3d 207, 216 (3d Cir. 2008) (quoting *Gall v. United States*, 552 U.S. 38, 596 (2007) (internal brackets omitted)). Here, the District Court did just that, stating at the very beginning of the sentencing hearing that it was "prepared to adopt" the PSR's Guidelines calculations, *i.e.*, that Thomas had a net base offense level of 29 and criminal history category of VI. (App. 28.) The District Court then engaged in lengthy colloquies with defense counsel and Thomas himself about Thomas's criminal history and personal background. Following these discussions, the District Court noted that, although Thomas "is to be considered a career offender" under the Guidelines, it was "concern[ed]" whether Thomas's sentence "should be more appropriately modified" due to "the nature of the crimes which formed [Thomas's criminal] history . . . ." (*Id*. at 67.)

It is evident that the District Court did not view Thomas's career offender designation as a categorical barrier to imposing a lesser sentence; to the contrary, the District Court appropriately calculated the applicable Guidelines range and then imposed a sentence of 108 months' imprisonment, a term well below the recommended Guidelines range. Thomas's first challenge accordingly fails.

Thomas's second claim of procedural error—*i.e.,* that the District Court failed to adequately explain the basis for its sentence—falls short as well. While "there is no 'uniform threshold' for determining whether a court has supplied a sufficient explanation

6

for its sentence[,]" *Merced*, 603 F.3d at 215 (quoting *Tomko*, 562 F.3d at 567), the sentencing court must nevertheless "'set forth enough [information] to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" *Id*. at 215–16 (quoting *Rita*, 551 U.S. at 356).

Here, the District Court noted at sentencing that it was "well aware of the requirements of [Section] 3553, which [it would] consider." (App. 50.) The District Court then proceeded to engage in a lengthy discussion with Thomas about his family, criminal history, employment, education, and the seriousness of the offense for which he was charged. At the conclusion of this colloquy, the District Court made clear that it had "spent substantial time listening" to Thomas's concerns and would impose a sentence reflecting Thomas's age at the time his prior offenses were committed, his "family background," his "association with known criminals," the fact that he has "more life ahead" of him," his "right to prove himself," and the Court's belief that "society requires [Thomas's] type of criminal history . . . [to] be punished . . . ." (*Id*. at 73–77.) In light of this thoughtful discussion, we are confident that the District Court gave appropriate consideration to the § 3553(a) factors. We therefore reject Thomas's objections to the "procedural reasonableness" of his sentence.

### B.

Thomas next contends that his 108-month sentence is substantively unreasonable because the District Court "simply engaged in an arbitrary process of selecting a sentence" that was "significantly greater than necessary in light of the underlying conduct

7

to which he pled guilty . . . ." Appellant's Br. 14. We find this argument to lack merit as well.

In determining whether a sentence is substantively reasonable, we must "ascertain whether [the § 3553] factors were reasonably applied to the circumstances of the case." *Cooper*, 437 F.3d at 330. Because we accord great deference to the District Court's sentencing determination, "we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Tomko*, 562 F.3d at 568.

Thomas's argument on this point is largely predicated on his contention that the District Court committed procedural error at sentencing. Again, we disagree with Thomas's assertion that the District Court did not meaningfully consider the § 3553(a) factors. The District Court expressed its view that the Government's recidivism concerns were "a little much," and indicated its intent to "fashion a sentence that is more appropriate to [the Court's] view of [Thomas's] life." (App. 73–74.) Based upon our review of the record, we conclude that the District Court's sentence was "'premised upon appropriate and judicious consideration of the relevant factors.'" *United States v. Lessner*, 498 F.3d 185, 204 (3d Cir. 2007) (quoting *United States v. Schweitzer*, 454 F.3d 197, 204 (3d Cir. 2006)). Thomas's sentence was therefore substantively reasonable.

IV.

For the foregoing reasons, we will affirm the sentence imposed by the District Court.